IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE SCALE EFFECT COMPANY d/b/a MANT LOGISTICS, a Pennsylvania limited liability company | ) ) ) Case No. 1:19-cv-01599 |
| Plaintiff, | ) ) Hon. Judge John Robert Blakey |
| v. | ) ) ) |
| BARON CHOCOLATIER, INC., an Illinois corporation, VERONI BRANDS, CORP. a Delaware corporation, IGOR GABAL, an Illinois resident, TOMASZ KOTAS, an Illinois resident. | ) ) ) ) ) ) |
| Defendants. | ) |

## AMENDED COMPLAINT

NOW COMES the Plaintiff, The Scale Effect Company d/b/a MANT Logistics, by and through its attorneys, FUKSA KHORSHID, LLC, and for its Amended Complaint against Defendants Baron Chocolatier, Inc., Veroni Brands Corp., Igor Gabal, and Tomasz Kotas (collectively, "Defendants"), states and alleges as follows:

## NATURE OF THE CASE

1. Plaintiff The Scale Effect Company d/b/a MANT Logistics (herein "Plaintiff" or "MANT Logistics") seeks redress for Defendant Barion Chocolatier, Inc.'s (herein "Baron") multiple breaches of contract for failing to pay for certain shipping services carried out by Plaintiff for Defendant's benefit over the course of approximately eight months. In addition, Plaintiff seeks recovery under a theory of successor liability, scheme to defraud, as well as the remedy of veil piercing against Defendant Veroni Brands Corp. ("Veroni"), Tomasz Kotas ("Kotas") and/or ("Igor Gabal") as Defendant Baron is merely an alter ego for Defendants Veroni, Kotas, and Gabal.

1

**PARTIES, JURISDICTION, AND VENUE**

2. Plaintiff is a Pennsylvania limited liability company with a principal place of business located in Pennsylvania. Plaintiff's sole member is also a resident of Pennsylvania.

3. Baron is an Illinois corporation with its principal place of business located in Illinois.

4. On information and belief, Defendant Veroni is a Delaware corporation with its principal place of business located in Lake County, Illinois.

5. On further information and belief, Defendants Kotas and Gabal are each individuals residing in Lake County, Illinois.

6. This Court has jurisdiction pursuant to 28 U.S.C. §1332(a) as there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy, as detailed herein, well exceeds $75,000.

7. Venue is appropriate in the Northern District of Illinois pursuant to 28 U.S.C. §1391(b) as Defendants are residents of and/or have principal places of business in Lake County, Illinois within the Northern District of Illinois.

**FACTUAL BACKGROUND**

8. Plaintiff The Scale Effect Company d/b/a MANT Logistics is a Pennsylvania limited liability company with its principal place of business located at 3860 Cypress Lane, Bethlehem, Pennsylvania, 18020. MANT Logistics provides supply chain management services and provides distribution and shipping services to customers in the United States and abroad, including the Defendant.

9. On information and belief, Defendant Baron Chocolatier, Inc. ("Baron") is an Illinois for profit corporation with a principal place of business located at 650 Forest Edge Dr.,

2

Vernon Hills, Illinois 60061. On further information and belief, Defendant is a North American distributor and seller of premium chocolate and confections imported from Eastern Europe.

10. Beginning in or about November, 2017, Plaintiff and Defendant Baron entered into an agreement whereby Plaintiff offered shipping and logistics services to Defendant Baron to ship imported chocolate and confections to Plaintiff's place of business in Vernon Hills, Illinois. In exchange, Defendant Baron agreed to compensate Plaintiff for its shipping services by timely paying the fees and costs of said shipping services as set forth in invoices tendered to Baron upon completion of each respective shipment.

11. Plaintiff invoiced Defendant Baron after each shipment was made and required payment within sixty (60) days of the date on said invoice. For any invoice that remained unpaid, the balance would accrue interest at a rate of one and one-half percent (1.5%) per month until paid in full.

12. In all, between December 31, 2017 and August 9, 2018. Plaintiff completed no less than forty-two (42) shipments for Defendant Baron. A true and accurate copy of a record regularly kept in the course of Plaintiff's business is attached and incorporated as <u>Exhibit A</u>. <u>Exhibit A</u> details with specificity each shipment's invoice number, due date, original amount of the invoice, amount currently outstanding and calculated accrued interest on each invoice through February, 2019.

13. Altogether, Defendant Baron has failed to pay for any of the forty-two invoices and a balance remains due and owing in the amount of $277,232.97. In addition, the invoices have collectively accrued interest in the total amount of $36,281.32 which continues to accrue on a monthly basis until the invoices are paid in full.

3

14. Throughout the course of Plaintiff's performance of shipping services on behalf of Defendant Baron, Plaintiff communicated regularly with Igor Gabal, the "EVP" (which presumably stands for Executive Vice President) of Baron, to seek payment for the unpaid invoices. In his response, Mr. Gabal consistently acknowledged that Baron had not paid for the invoices and told Plaintiff that "as soon as our Cash situation improves we will pay your invoices". Just one example of this representation is found in an email from Mr. Gabal dated October 7, 2018 attached and incorporated as Exhibit B.

15. Moreover, prior to July 30, 2018, Plaintiff, Mr. Gabal, and another representative of Defendant Baron, Tomasz Kotas, came to an agreement on the payment of the then-outstanding balance owed to Plaintiff (the "Payment Agreement").

16. Pursuant to the Payment Agreement, Defendant Baron was to pay portions of the balances owed to Plaintiff in periodic installments as indicated in the schedule attached hereto as Exhibit C.

17. Baron's acceptance of the Payment Agreement is best reflected in an email to Plaintiff from Mr. Gabal in which he states, "[c]an [Plaintiff] send me the one page that [Plaintiff]/[Mr. Gabal] & [Mr. Kotas] went over and agreed to payment terms?", attached hereto as Exhibit D.

18. Plaintiff has made repeated demands for payment of all amounts due and owing for Plaintiff's services and Baron has refused and continues to refuse to do so.

**Count I: Breach of Contract -Baron Chocolatier**

19. Plaintiff restates and realleges its paragraphs 1-18 as if fully rewritten herein.

4

20. Plaintiff and Defendant Baron entered into a contract whereby Plaintiff agreed to ship Defendant's imported chocolate and confections to Defendant's place of business in Illinois in exchange for Defendant Baron's promise to timely pay Plaintiff for those services.

21. Plaintiff performed all of its contractual duties, including any and all conditions precedent to payment for its shipping services. Plaintiff performed its services completely and competently.

22. Defendant Baron breached its agreement with Plaintiff when it failed to remit payment for any of Plaintiff's services dating back to an invoice prepared and sent to Baron on or about December 31, 2017. In all, Defendant Baron has failed to pay for any of the services invoiced between December 31, 2017 up to and through August 9, 2018.

23. Interest continues to accrue on each invoice's unpaid balance at a rate of one and one-half percent (1.5%) per month and continues to accrue on a monthly basis until such invoice is paid in full.

24. Despite Plaintiff's repeated demands for payment of the past due invoices, Defendant Baron has refused and continues to refuse to pay for any of the amounts due and owing to Plaintiff.

25. As a direct result of Defendant Baron's breach of contract, Plaintiff has been damaged in an amount to be proven at trial but not less than $313,514.29 which is comprised of at least $277,232.97 in unpaid services and $36,281.32 in accrued interest as of February, 2019. Interest continues to accrue on the unpaid invoices until paid in full.

WHEREFORE, Plaintiff prays that this Honorable Court enter an Order granting judgment in its favor and against Defendant Baron Chocolatier, Inc. in an amount in excess of $313,514.29,

plus interest, collection costs, attorneys' fees, and any and all other relief it deems necessary and just.

### Count II: Breach of Contract – Baron Chocolatier (as an alternative count)

26. Plaintiff restates and realleges its paragraphs 1-18 as if fully rewritten herein as its paragraph 26.

27. Plaintiff and Defendant Baron entered into a Payment Agreement whereby Baron agreed to pay the outstanding balance owed to Plaintiff in periodic installments according to the schedule set forth in Exhibit C.

28. Plaintiff performed all of its obligations required of it under the Payment Agreement.

29. Defendant Baron breached its agreement with Plaintiff when it failed to make any of the payments under the Payment Agreement according to the schedule agreed upon by the parties.

30. Interest continues to accrue on each invoice's unpaid balance at a rate of one and one-half percent (1.5%) per month and continues to accrue on a monthly basis until such invoice is paid in full.

31. Despite Plaintiff's repeated demands for payment pursuant to the parties' Payment Agreement, Defendant Baron has refused and continues to refuse to pay for any of the amounts due and owing to Plaintiff.

32. As a direct result of Defendant Baron's breach of the Payment Agreement, Plaintiff has been damaged in an amount to be proven at trial but not less than $313,514.29 which is comprised of at least $277,232.97 in unpaid services and $36,281.32 in accrued interest as of February, 2019. Interest continues to accrue on the unpaid invoices until paid in full.

WHEREFORE, Plaintiff prays that this Honorable Court enter an Order granting judgment in its favor and against Defendant Baron Chocolatier, Inc. in an amount in excess of $313,514.29, plus interest, collection costs, attorneys' fees, and any and all other relief it deems necessary and just.

**Count III: Quantum Meruit – Baron Chocolatier (as an alternative count)**

33. Plaintiff restates and realleges its paragraphs 2-9 and 12-14 as if fully rewritten herein as its paragraph 33.

34. Plaintiff charged Defendant Baron for shipping and logistics services in connection with various shipments of imported chocolates and confections for Defendant to its place of business in Illinois. The services were charged at negotiated rates between the parties.

35. Plaintiff did not furnish the services gratuitously.

36. The rates of Plaintiff's services were fair and reasonable for the skill, type, and scope of work performed.

37. Defendant Baron has not paid for all of the services that Plaintiff has furnished for it. After accounting for any payments, credits and/or adjustments, Defendant Baron still owes Plaintiff an amount in excess of $313,514.29 comprised of $277,232.97 in unpaid services and $36,281.32 in accrued interest as of February, 2019.

38. Defendant Baron was, at all relevant times hereto, aware that Plaintiff was furnishing shipping services for Baron's benefit. Defendant Baron accepted Plaintiff's services and took no action to stop Plaintiff or otherwise notify Plaintiff that it did not intend to pay for Plaintiff's services.

39. In the event that this Court finds that no contract was formed between Plaintiff and Defendant Baron, Plaintiff is nevertheless entitled to recover from Baron the fair market value of

7

the services furnished to it in connection with shipping services rendered for Defendant Baron's benefit.

40. It would be manifestly unjust and inequitable to permit Defendant Baron to accept the benefits conferred by Plaintiff without compensating Plaintiff for the same.

WHEREFORE, Plaintiff prays that this Honorable Court enter an Order granting judgment in its favor and against Defendant Baron Chocolatier, Inc. in an amount in excess of $313,514.29, plus interest, collection costs, attorneys' fees, and any and all other relief it deems necessary and just.

### Count IV: Successor Liability – Veroni Brands Corp.

41. Plaintiff restates and realleges its paragraphs 1 - 32 as if fully rewritten herein.

42. Defendant Veroni is a successor corporation and a mere continuation of Defendant Baron such that Veroni may be held liable for the debts and liabilities of its predecessor.

43. On information and belief, Defendants Kotas and Gabal are the controlling shareholders of Defendant Baron and are the directors and/or officers responsible for managing Defendant Baron.

44. On further information and belief, Veroni has maintained the same or similar ownership and management as Defendants Kotas and Gabal are also the controlling shareholders, directors, and/or officers of Defendant Veroni.

45. On information and belief, Defendant Veroni has purchased or otherwise received transfers of Defendant Baron's assets (including but not limited to inventory, accounts receivable, customer lists, and/or supplier lists) in order to continue the business that Baron had started – namely importing and selling European chocolates and confections.

46. On further information and belief, any of the aforesaid purchases by or transfers to Veroni lacked adequate consideration and were not conducted at arm's length. Instead, Veroni is nothing more than a reincarnation of Defendant Baron, owned, controlled, and managed by the same individuals, Gabal and Kotas.

47. For example, on information and belief, Defendant Baron has ceased importing chocolate and confections as of December, 2018 and instead has continued to import products as Veroni Brands Corp. According to Panjiva, Inc. a company providing global trade data with respect to commercial imports and exports, Defendant Baron accepted over forty-five imports/shipments starting on June 6, 2018 and ending on December 6, 2018 from Polish suppliers, Zaklad Wyrobow Cukierniczych ("ZWC") and Zwc Millano Zpchr K[rzystof] Kotas ("Millano").

48. By comparison, when shipments to Baron ceased, they almost immediately began to occur in the name of Veroni Brands Corp. Specifically, Veroni began accepting regular imports from the same Polish suppliers, including ZWC and Millano beginning on December 11, 2018 and continuing as recent as May 14, 2019.

49. On further information and belief, Defendant Baron no longer operates at its principal place of business located at 650 Forest Edge Dr., Vernon Hills, Illinois as listed by the Illinois Secretary of State.

50. On further information and belief, Defendant Baron no longer has any employees and any of its remaining business operations are carried out by Veroni and its employees, officers, and/or directors at Veroni's offices.

51. In addition, Defendant Veroni has succeeded Defendant Baron in order to carry out the fraudulent purpose of escaping liability for the obligations that Baron owes to its creditors, including Plaintiff.

52. Specifically, Defendant Baron engaged Plaintiff for its services when it knew or should have known that it would not pay Plaintiff for those services.

53. Defendant Baron continued to represent to Plaintiff that it would repay the amounts due and owing to Plaintiff. However, at all relevant times, Defendant Baron had no intention of paying for any of Plaintiff's services and only made those representation in order to induce Plaintiff to continue to provide its services.

54. Defendant Veroni has succeeded Defendant Baron in order to hinder, delay, and/or defraud Baron's creditors and avoid liability for debts owed to Baron's creditors, including Plaintiff.

WHEREFORE, Plaintiff prays that this Honorable Court enter an Order granting judgment in its favor and against Defendant Veroni Brands Corp. in an amount in excess of $313,514.29, plus interest, collection costs, attorneys' fees, and any and all other relief it deems necessary and just.

### Count V: Scheme to Defraud – Defendants Veroni, Kotas, and Gabal

55. Plaintiff restates and realleges its paragraphs 1 - 32 as if fully rewritten herein.

56. Defendants Veroni, Kotas, and Gabal engaged in scheme to defraud Plaintiff by soliciting services from Plaintiff and repeatedly misrepresenting that it would pay for the same.

57. Specifically, Defendants Veroni, Kotas, and Gabal made repeated statements to Plaintiff that they would make payments for Plaintiff's services rendered for Baron.

58. These statements were material and false as they induced Plaintiff to continue to provide its shipping and logistics services for an extended period of time while it awaited payment.

59. At all relevant times, Defendants Veroni, Kotas, and Gabal knew that their statements were false and in fact had no intention of ever paying for any of the services that

10

Plaintiff provided. Moreover, Defendants Veroni, Kotas, and Gabal made those statements in an effort to induce Plaintiff to perform its obligations and to continue to provide logistics and shipping services for Defendants.

60. Plaintiff reasonably relied on Defendants Veroni's, Kotas', and/or Gabal's false statements, and as a direct result of that reliance, Plaintiff has suffered damages in an amount to be proven but no less than $313,514.29.

61. Defendant Veroni's, Kotas' and Gabal's intentionally false statements were part of a larger scheme to defraud Plaintiff into providing services to Defendants and fulfilling their shipping needs over an extended and indefinite period of time. In reality, Defendants had no intention of every repaying any of the amounts owed to Plaintiff.

WHEREFORE, Plaintiff prays that this Honorable Court enter an Order granting judgment in its favor and against Defendants Veroni Brands Corp., Tomas Kotas, and Igor Gabal, jointly and severally, in an amount in excess of $313,514.29, plus interest, collection costs, attorneys' fees, and any and all other relief it deems necessary and just.

## Count VI: Alter Ego – Piercing the Corporate Veil – Tomasz Kotas

62. Plaintiff restates and realleges its paragraphs 1 - 32 as if fully rewritten herein.

63. Defendant Baron Chocolatier is merely an alter ego or instrumentality for its shareholder, director, and/or officer Defendant Tomasz Kotas.

64. On information and belief, Defendant Baron was insolvent at the time that it incurred the debts now owed to Plaintiff. This is evidenced by Defendant Baron's failure to make *any* payments towards any of outstanding invoices owed to Plaintiff since the parties' contractual relationship was first formed.

65. On further information and belief, Baron is inadequately capitalized and Defendant Baron has diverted funds or otherwise ensured that it has insufficient funds with which to pay their debts in order to avoid liability to their creditors, including Plaintiff.

66. On further information and belief, Baron has failed to observe corporate formalities in the following ways:

    a. It has failed to maintain a registered agent at the registered office in this State;

    b. It has failed to maintain separate corporate records for Baron; and,

    c. It has failed to pay dividends to its shareholders.

67. If Defendants Baron and Kotas are permitted to adhere to this fiction that Baron is a separate corporate entity it would promote injustice or otherwise lead to inequitable consequences against Baron's creditors, including Plaintiff.

68. Namely, it would promote Baron's practice of incurring hundreds of thousands of dollars in unpaid services provided by Plaintiff and would allow Baron and its shareholders, officers, and directors to avoid the consequences of its failure to pay for those services by simply ending operations under the Baron name and resuming operations under the name of a separate entity.

WHEREFORE, Plaintiff prays that this Honorable Court enter an Order granting judgment in its favor and against Defendant Baron Chocolatier, Inc. in an amount in excess of $313,514.29, plus interest, collection costs, and attorneys' fees, and that this Court pierce Baron Chocolatier Inc.'s corporate veil and allow Plaintiff to collect a judgment in its favor from Defendant Tomasz Kotas, and for all other relief it deems necessary and just.

### Count VII: Alter Ego – Piercing the Corporate Veil – Igor Gabal

69. Plaintiff restates and realleges its paragraphs 1 - 32 as if fully rewritten herein.

70. Defendant Baron Chocolatier is merely an alter ego or instrumentality for its shareholder, director, and/or officer Defendant Igor Gabal.

71. On information and belief, Defendant Baron was insolvent at the time that it incurred the debts now owed to Plaintiff. This is evidenced by Defendant Baron's failure to make *any* payments towards any of outstanding invoices owed to Plaintiff since the parties' contractual relationship was first formed.

72. On further information and belief, Baron is inadequately capitalized and Defendant Baron has diverted funds or otherwise ensured that it has insufficient funds with which to pay their debts in order to avoid liability to their creditors, including Plaintiff.

73. On further information and belief, Baron has failed to observe corporate formalities in the following ways:

   d. It has failed to maintain a registered agent at the registered office in this State;

   e. It has failed to maintain separate corporate records for Baron; and,

   f. It has failed to pay dividends to its shareholders.

74. If Defendants Baron and Gabal are permitted to adhere to this fiction that Baron is a separate corporate entity it would promote injustice or otherwise lead to inequitable consequences against Baron's creditors, including Plaintiff.

75. Namely, it would promote Baron's practice of incurring hundreds of thousands of dollars in unpaid services provided by Plaintiff and would allow Baron and its shareholders, officers, and directors to avoid the consequences of its failure to pay for those services by simply ending operations under the Baron name and resuming operations under the name of a separate entity.

WHEREFORE, Plaintiff prays that this Honorable Court enter an Order granting judgment in its favor and against Defendant Baron Chocolatier, Inc. in an amount in excess of $313,514.29, plus interest, collection costs, and attorneys' fees, and that this Court pierce Baron Chocolatier Inc.'s corporate veil and allow Plaintiff to collect a judgment in its favor from Defendant Igor Gabal, and for all other relief it deems necessary and just.

**Count VIII: Common Enterprise – Piercing the Corporate Veil – Veroni Brands Corp.**

76. Plaintiff restates and realleges its paragraphs 1 - 32 as if fully rewritten herein.

77. Defendant Baron Chocolatier is merely an alter ego, instrumentality and/or a common enterprise for its affiliated and/or parent company Defendant Veroni Brands Corp.

78. On information and belief, Defendant Baron was insolvent at the time that it incurred the debts now owed to Plaintiff. This is evidenced by Defendant Baron's failure to make *any* payments towards any of outstanding invoices owed to Plaintiff since the parties' contractual relationship was first formed.

79. On further information and belief, Defendant Baron has ceased importing chocolate and confections as of December, 2018 and instead has continued to import products as Veroni Brands Corp. According to Panjiva, Inc. a company providing global trade data with respect to commercial imports and exports, Defendant Baron accepted over forty-five imports/ shipments starting on June 6, 2018 and ending on December 6, 2018 from Polish suppliers, Zaklad Wyrobow Cukierniczych ("ZWC") and Zwc Millano Zpchr K[rzystof] Kotas ("Millano").

80. By comparison, when shipments to Baron ceased, they almost immediately began to occur in the name of Veroni Brands Corp. Specifically, Veroni began accepting regular imports from the same Polish suppliers, including ZWC and Millano beginning on December 11, 2018 and continuing as recent as May 14, 2019.

14

81. On further information and belief, Defendant Baron no longer operates at its principal place of business located at 650 Forest Edge Dr., Vernon Hills, Illinois as listed by the Illinois Secretary of State. Instead, Baron conducts any remaining business operations from the office of Veroni Brands Corp. located at or near 2275 Half Day Rd. #346 Bannockburn, Illinois.

82. On further information and belief, Defendant Baron no longer has any employees and its remaining business operations are carried out by Veroni employees, officers, and/or directors.

83. On further information and belief, Defendant Baron and Defendant Veroni share common directors and/or officers, including but not limited to Defendants Kotas and Gabal.

84. On further information and belief, Baron is inadequately capitalized and Defendant Baron has diverted funds or otherwise ensured that it has insufficient funds with which to pay their debts in order to avoid liability to their creditors, including Plaintiff.

85. On further information and belief, Baron has failed to observe corporate formalities in the following ways:

   a. It has failed to maintain a registered agent at the registered office in this State;
   b. It has failed to maintain separate corporate records for Baron; and,
   c. It has failed to pay dividends to its shareholders.

86. On further information and belief, Defendant Veroni has acquired inventory, assets, and other resources belonging to Baron without the exchange of adequate consideration.

87. Defendant Veroni has usurped the operations and control of Baron and Baron's corporate form exists solely to insulate Veroni from Baron's liability to creditors, including Plaintiff.

88. If Defendants Baron and Veroni are permitted to adhere to this fiction that they are separate corporate entities it would promote injustice or otherwise lead to inequitable consequences against Baron's creditors, including Plaintiff.

89. Namely, it would promote Baron's practice of incurring hundreds of thousands of dollars in unpaid services provided by Plaintiff and would allow Baron to avoid the consequences of its failure to pay for those services by simply ending operations under the Baron name and resuming them under a separate, albeit identical, corporate entity in Veroni.

WHEREFORE, Plaintiff prays that this Honorable Court enter an Order granting judgment in its favor and against Defendant Baron Chocolatier, Inc. in an amount in excess of $313,514.29, plus interest, collection costs, and attorneys' fees, and that this Court pierce Baron Chocolatier Inc.'s corporate veil and allow Plaintiff to collect a judgment in its favor from Defendant Veroni Brands, Corp., and for all other relief it deems necessary and just.

Respectfully Submitted,
The Scale Effect Company, d/b/a
MANT Logistics

By: */s/ Vincent P. Formica*
One of its Attorneys

Lucas M. Fuksa (ARDC No.6277498)
Vincent P. Formica (ARDC No. 6319168)
FUKSA KHORSHID, LLC
70 W. Erie St. 2nd Floor
Chicago, IL 60654
(P) 312.266.2221
(F) 312.266.2224
lucas@fklawfirm.com
vince@fklawfirm.com
*Attorneys for the Plaintiff*